Honorable Albert "Tom" Collier State Representative 2713 Ivy Drive Newport, Arkansas 72212
Dear Representative Collier:
This is in response to your request for an opinion regarding certain property owned by the Newark School District. You state that the property was developed for staff housing in order to recruit and maintain quality staff for the district. Rents are charged, and you note that it is not a profit-making venture. You have asked, specifically, whether the property is exempt from taxation under Section 5 of Article 16 of the Arkansas Constitution.
Under Arkansas law, all real and personal property is subject to ad valorem taxation unless specifically exempted by the State Constitution. Ark. Const. Art. 16, 6. The exemptions set forth under Ark. Const. Art. 16, 5 include "school buildings and apparatus; libraries and grounds used exclusively for school purposes."
As a rule, "tax exemptions are given a strict interpretation against the assertions of the taxpayer and in favor of the taxing power." 3 Sutherland Statutory Construction, Tax Exemptions 66.09 (1974). This reasoning has been followed by the Arkansas Supreme Court. See, e.g., Hilger v. Harding College, 231 Ark. 686,331 S.W.2d 851 (1960).
The Court in Hilger v. Harding College, supra, examined the "exclusive use" requirement and determined that personal property used in the Harding College print shop and laundry and the real property on which the college dairy were located were not used exclusively for school purposes and therefore were not tax exempt. None of the three activities was operated for a profit, although fees were charged to cover expenses. No courses were taught, no teacher employed, and no credits were given for any of these enterprises, but the college derived certain benefits from them. Neither the absence of a profit nor the presence of certain benefits to the school was determinative for purposes of the Court's review under the "school purposes" exemption. The Court relied in part upon cases construing the exemption under Art. 16, 5 for property used for "public purposes" and for "public charity." The following statement appears in Robinson v. Indiana and Arkansas Lumber and Manufacturing Company, 128 Ark. 500, 557,194 S.W. 870 (1917):
 Property used to produce income to be expended in charity is too remote from the ultimate charitable object to be exempt. If property is allowed to be used as taxed property, it also is to be taxed. If it competes, in the common business and occupations of life with property of other owners, it must bear the tax which their's bears . . . (Emphasis added).
The Court in Hilger v. Harding College noted that:
 Because of the similarity of the language used in Article 16, Section 5, of the Constitution exempting from taxation property used for school purposes, for public purposes, and for charity, the principles and rules applying to one category well apply with force to the other categories.
234 Ark. at 694.
It may be concluded, following a review of these cases and the facts presented in your request, that the apartments must be taxed. Please note, however, that the county assessor has the authority to decide this question. Therefore, all pertinent facts should be presented to the assessor to assist in this determination.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.